IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,560-01






EX PARTE ZACK ELDRED, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 11F0762-102-A IN THE 102ND DISTRICT COURT


FROM BOWIE COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of continuous sexual
abuse of a child and sentenced to life in prison. 

 Applicant contends that he was denied a direct appeal through no fault of his own. The trial
court has determined that Applicant timely expressed a desire to appeal but that notice of appeal was
not timely filed. It recommends granting relief, which recommendation is supported by the record.
Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction
in Cause No. 11F0762-102 from the 102nd District Court of Bowie County. See Ex parte Riley, 193
S.W.3d 900 (Tex. Crim. App. 2006). 

 Applicant is ordered returned to that time at which he may give a written notice of appeal so
that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the
issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant
is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an
attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence
had been imposed on the date on which the mandate of this Court issues. We hold that, should
Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of
appeal in the trial court within 30 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 


Delivered: June 12, 2013

Do not publish